IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASMINE MHREZ,** on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CELENTANO, STADTMAUER & WALENTOWICZ, LLP**<br><br>Defendant. | **CIVIL ACTION NO.** _____<br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Celentano, Stadtmauer & Walentowicz, LLP ("CSW"), by undersigned counsel, hereby removes the above-captioned matter from the Superior Court of New Jersey, Hudson County, Law Division to the United States District Court for the District of New Jersey. In support, Defendants aver as follows:

**I. NATURE OF REMOVED ACTION**

1. The removed case is a civil class action filed in the Superior Court of New Jersey, Hudson County, Law Division on or about January 31, 2022, which was assigned Civil Action No. HUD-L-393-22 and captioned *JASMINE MHREZ, on behalf of herself and all others similarly situated v.* Celentano, Stadtmauer & Walentowicz, LLP. Pursuant to 28 U.S.C. § 1446(a), "Exhibit A" includes all service of process, pleadings, and orders served in the state court action.

2. Defendant first received notice of the Action on or about February

1

16, 2022, when they were served with Plaintiff's Complaint.

3. Based on the foregoing, Defendants has timely filed this Notice of Removal within thirty days of being served with the Complaint and within thirty days of the date that the Action was first removable. *See* 28 U.S.C. § 1446(b).

4. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged that Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting claims that arise under federal law.

5. In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Hudson County, New Jersey, the United States District Court for the District of New Jersey should be assigned the Action.

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the United States District Court for the District of New Jersey, will serve Plaintiff's counsel with copies of this Notice of Removal and will file the Notice of Removal in the Superior Court of New Jersey.

**WHEREFORE**, Defendant, Celentano, Stadtmauer & Walentowicz, LLP notifies this Court that this Action is removed from the Superior Court of New Jersey, Hudson County to the United States District Court for the District of New Jersey pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**GORDON REES SCULLY
MANSUKHANI, LLP**

BY: *Lawrence J. Bartel*
Lawrence J. Bartel
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(215) 717-4022
Attorneys for Defendants

Dated: March 17, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and I served counsel for plaintiff via email as follows:

Daniel Zemel, Esquire
660 Broadway
Paterson, NJ 07514
**(Counsel for Plaintiff)**

*Lawrence J. Bartel*

# Exhibit A

SUPERIOR COURT OF THE STATE OF NEW JERSEY
HUDSON COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JASMINE MHREZ,

               Plaintiff,

    - against -

CELENTANO, STADTMAUER &
WALENTOWICZ, LLP.,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CASE NO. HUD-L-000393-22

**SUMMONS**

To the above-named Defendants:

*YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within thirty-five (35) days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief as demanded in the complaint. The nature of this action is negligence. The relief sought is damages. Upon your failure to appear, judgment will be taken against you by default together with the costs of this action.

Dated: January 31st, 2022

                                                   /s/ Daniel Zemel
                                                 Daniel Zemel, Esq.
                                                 NJ ID#111402014
                                                 Zemel Law LLC
                                                 660 Broadway
                                                 Paterson, New Jersey 07514
                                                 T: (862) 227-3106
                                                 **Attorneys for Plaintiff**

TO:   Celentano, Stadtmauer & Walentowicz, LLP
         1035 Route 46 East
         P.O. Box 2594
         Clifton, New Jersey 07015

Zemel Law LLC
Daniel Zemel, Esq.
Attorney ID # 1114022014
660 Broadway
Paterson, NJ 07514
(P) (862) 227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

| | |
|---|---|
| JASMINE MHREZ, on behalf of herself and all others similarly situated, | SUPERIOR COURT OF NEW JERSEY HUSDON COUNTY |
| Plaintiff, | |
| vs. | Case No: |
| CELENTANO, STADTMAUER & WALENTOWICZ, LLP., | CIVIL COMPLAINT |
| Defendant. | |

Plaintiff, Jasmine Mhrez (hereinafter "Plaintiff") alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1191(b).

### PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Guttenberg, New Jersey, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Celentano, Stadtmauer & Walentowicz, LLP. ("Defendant"), is a corporation that regularly conducts business in New Jersey. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On August 3, 2021, Defendant sent a collection letter to Plaintiff in attempt to collect a personal medical debt.

7. Through the envelope's window, the words: *Member NJ and NY Bar along with +Member NJ and CT Bar were present and able to be seen.

8. The FDCPA is a strict liability statute.

9. The FDCPA expressly prohibits: Using **any** language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

10. Defendant's envelope is a direct violation of the statute. The disclosure of such information on the outside of the envelope makes it likely that third parties will know that Plaintiff is subject to collection attempts by collection attorneys licensed in New Jersey.

## CLASS ACTION ALLEGATIONS
### The Class

11. Plaintiff brings this as a class action pursuant to New Jersey Court Rule 4:32 on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant, which, as alleged herein, are in violation of the FDCPA.

12. Plaintiff seeks certification of the following class, initially defined as follows:

**Class:** All consumers residing within the United States that have received a letter from Defendant using any language or symbol, other than the debt collector's address, on the outside of the envelope, concerning debts used primarily for personal, household, or family purposes, within one year prior to the filing of this Complaint.

13. Excluded from the Class is Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

14. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor.

### Numerosity

15. Upon information and belief, Defendant has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

16. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

17. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated the provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

18. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

19. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

21. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

22. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

23. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

24. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

26. Absent a class action, the Class members will continue to suffer losses borne from the Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

27. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

28. Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. Defendant's actions are in violation of 15 U.S.C. § 1692f(8).

WHEREFORE, Plaintiff, Jasmine Mhrez, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using third party vendors;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff's do hereby pray and demand that this Court allow and permit a Jury Trial as to all legal and factual issues giving rise to the within complaint.

Dated this 31st day of January, 2022

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff